IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN S. COOPER, HELENA K. COOPER, AND PETER MALCOLM COOPER, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY6 MORTGAGE PASS-THOUGH CERTIFICATES, SERIES 2007-HY6; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CWALT, INC.; AND DOES 1 THROUGH 50 INCLUSIVE, <br><br> Defendants. | CIVIL NO. 11-00241 LEK-RLP <br><br> MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THIS ACTION |

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THIS ACTION[1]

Before the Court is Plaintiffs John S. Cooper, Helena K. Cooper, and Peter Malcolm Cooper's (collectively "Plaintiffs") Motion for Leave to File Second Amended Complaint, filed on September 6, 2011 ("Motion"). Docket No. 24. On September 23,

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

2011, Defendants Bank of New York Mellon ("BONY")[2] and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants[3]") filed their Opposition.  Plaintiffs filed thier Reply on October 11, 2011.  The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  Docket No. 26.  After carefully reviewing the submissions and the relevant legal authority, the Court DENIES Plaintiffs' Motion and FINDS AND RECOMMENDS that the district court dismiss this action.

## BACKGROUND

The full factual background of this case is presented in detail in United States District Court Judge Leslie E. Kobayashi's August 23, 2011 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("August 23 Order").  See Docket No. 22.  The Court only recites the procedural and factual history necessary for disposition of the pending Motion.

Plaintiffs filed their original complaint on April 11,

---

[2] BONY contends that it was erroneously sued as "Bank of New York Mellon fka the Bank of New York, as Trustee for the Certificate Holders of the CWALT, Inc. Alternative Loan Trust 2007-HY6 Mortgage Pass-Though Certificates, Series 2007-HY6" and makes its appearance as Bank of New York Mellon.

[3] Defendant CWALT, Inc. ("CWALT") has not appeared in this action.  It is not evident from the docket whether CWALT has been served.

2011, alleging various claims related to the mortgage and promissory note they entered into on March 27, 2007. Docket No. 1. Defendant filed a motion to dismiss the original complaint on June 13, 2011. Docket No. 8. Plaintiffs filed a first amended complaint on July 2, 2011. Docket No. 12. Defendant filed a motion to dismiss the first amended complaint on July 17, 2011. Docket No. 17. In its August 23 Order, the court granted Plaintiffs until September 7, 2011 to file a motion for leave to file a second amended complaint. August 23 Order at 39.

Plaintiffs submitted a Proposed Second Amended Complaint ("Proposed SAC") with the present Motion. See Proposed SAC, attached as Ex. 4 to Mot. In the Proposed SAC, Plaintiffs do not name MERS as a defendant and do not allege any claims against MERS. Plaintiffs state one claim, breach of contract, against Defendants CWALT and BONY. See Proposed SAC ¶¶ 37-42.

Plaintiffs' breach of contract claim is based on the Pooling and Servicing Agreement, dated as of June 1, 2007, for Alternative Loan Trust 2007-HY6 Mortgage Pass-Through Certificates, Series 2007-HY6 ("PSA").[4] Proposed SAC ¶¶ 38, 27-32. In broad terms, the PSA creates a trust and defines the

---

[4] Plaintiffs attach only selected portions of the PSA to their Proposed SAC as Exhibit D. A copy of the full text of the PSA, which was filed with the United States Securities and Exchange Commission, is available online at: http://www.sec.gov/Archives/edgar/data/1402755/000090514807004996/efc7-1914_ex991.htm.

terms under which promissory notes and related mortgages are placed into the trust, describes how the notes and mortgages are transferred by and between the parties, and details the responsibilities of the parties. The parties to the PSA are CWALT, Inc., depositor; Countrywide Home Loans, Inc., seller; Park Granada LLC, seller; Park Monaco Inc., seller; Park Sienna LLC, seller; Countrywide Home Loans Servicing LP, master servicer; and The Bank of New York, trustee. Ex. D to Proposed SAC at 1. Plaintiffs allege that they are third-party beneficiaries of the PSA. Proposed SAC ¶¶ 38, 27-32.

Plaintiffs allege that CWALT and BONY breached the PSA. Plaintiffs allege that CWALT "breached the PSA when it failed to convey [Plaintiffs'] Mortgage and Note to the Trust by the Closing Date." Id. ¶ 39. Plaintiffs allege that BONY "breached the PSA when it acknowledged that it received physical possession of [Plaintiffs'] Mortgage and Note by the closing date when in fact it did not." Id. ¶ 40.

## DISCUSSION

Under Federal Rules of Civil Procedure Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that leave to amend should be freely given when justice so requires. Id. Whether to grant leave to amend is within the court's discretion. Foman v. Davis, 371 U.S. 178,

182 (1962). If the facts and circumstances a plaintiff relies upon may be the basis of relief, the plaintiff should be afforded an opportunity to test the claims on the merits. Id. In determining whether to grant leave to amend, courts consider factors such as: futility of the amendment; bad faith by the plaintiff; whether the amendment will cause undue delay; whether the amendment will prejudice the opposing party; and whether the plaintiff failed to cure deficiencies in prior amendments. Id. Not all of these factors carry equal weight, however. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

In the August 23 Order, the court dismissed without prejudice Plaintiffs' prior claim for breach of contract related to the PSA. Specifically, the court held that Plaintiffs had not met their burden of establishing that they were intended third-party beneficiaries of the PSA. August 23 Order at 38. The court determined that Plaintiffs had failed to "allege any facts to support their allegations that they are third-party beneficiaries entitled to enforce the PSA." Id. The court noted

5

that Plaintiffs "point only to a provision [section 3.01] of the PSA which grants the Master Servicer power to execute and deliver instruments of satisfaction or cancellation, or of partial or full release or discharge with respect to the Mortgage." Id. The Court rejected Plaintiffs' argument that section 3.01 of the PSA supported their claim of third-party beneficiary status because Plaintiffs did not explain "how this provision is evidence of any intent between the PSA members to benefit Plaintiffs." Id. The court found that "Plaintiffs point to no provision of the PSA in which borrowers and/or mortgagors are identified as third-party beneficiaries." Id. In concluding, the court stated that it will not infer third-party beneficiary status "absent a clear recognition of the third party and the conferred benefit." Id.

In support of their Motion, Plaintiffs contend that they have added several allegations that support Plaintiffs' claims that they are intended third-party beneficiaries of the PSA. See Mem. at 3. The Court disagrees that the new allegations address the deficiencies identified by the court in the August 23 Order and finds that amendment would be futile.

"Generally, 'third parties do not have enforceable contract rights. The exception to the general rule involves intended third-party beneficiaries.'" Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc.,

6

115 Haw. 232, 269 (2007) (quoting Pancakes of Hawai`i, Inc. v. Pomare Props. Corp., 85 Haw. 300, 309 (App. 1997)).  An intended third-party beneficiary has standing to enforce contract provisions from which it is intended to benefit.  Id. at 270 (citations omitted).  The party claiming to be an intended third-party beneficiary bears the burden of proving that status. Id. at 271 (citations omitted).  Even where the parties are aware that a contract is designed to benefit others, "it is not enough that the parties know, expect[,] or even intend that such people may benefit or that they are referred to in the contract."  Id. at 272 (internal quotation marks and citations omitted) (alteration in original).  Rather, there must be evidence that the contracting parties intended to confer a direct benefit on the third party.  Id.

The rights of a third-party beneficiary can arise from a promise that is "implied from the circumstances."  Jou v. Nat'l Interstate Ins. Co. of Haw., 114 Haw. 122, 131 (Ct. App. 2007) (citation and internal quotation marks omitted).  Hawaii courts are reluctant to find intended third-party beneficiary status absent a clear recognition of the third party and the conferred benefit.  See Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Haw. 201, 215 n.15 (2007); see also Pancakes of

Hawaii, 85 Haw. at 309.[5]  Intended third-party beneficiaries only have standing to enforce the contract provisions from which they are intended to benefit.  Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs., 115 Haw. 232, 270.

Here, Plaintiffs do not allege any facts demonstrating that they are intended to benefit from the specific provisions they are attempting to enforce in their breach of contract claim.  Rather, Plaintiffs seem to assert that they are intended third-party beneficiary to the entire PSA.  See Proposed SAC ¶ 38.  The Court finds that the allegations of the Proposed SAC are insufficient to allege Plaintiff's intended third-party beneficiary status.

First, Plaintiffs have added references to support

---

[5] Assuming, as Plaintiffs assert, that New York law applies, the Court finds that the legal standard would be largely the same.  New York courts apply a substantially similar standard in determining whether a party has established rights as a third-party beneficiary.  See, e.g., Cal. Public Emps' Ret. Sys. v. Shearman & Sterling, 95 N.Y.2d 427, 434-435 (2000) (holding that a party asserting rights as a third-party beneficiary must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost." (quoting Burns Jackson Miller Summit & Spitzer v. Lindner, 59 N.Y.2d 314, 336 (1983))).  New York courts require the party to demonstrate a "clear intention to confer the benefit of the promised performance."  PT. Bank Mizuho Indonesia v. PT. Indah Kiat Pulp & Paper Corp., 808 N.Y.S.2d 72, 73 (N.Y. App. Div. 2006).  "Absent such intent, the third party is merely an incidental beneficiary with no right to enforce the contract."  Strauss v. Belle Realty Co., 469 N.Y.S.2d 948, 950 (N.Y. App. Div. 1983), aff'd 65 N.Y.2d 399 (1985).

8

their allegations that are based on information and belief regarding Plaintiffs' standing as third-party beneficiaries under the PSA. See Proposed SAC ¶¶ 27-30. Specifically, Plaintiffs add clauses describing what their information and belief is "based on." Id. Plaintiffs allege that their allegations are based on:

> (1) routine practice in the industry, as described in the Mortgage and Asset Backed Securities Litigations Handbook § 1:1 (Id. ¶¶ 27, 29);
>
> (2) testimony [of] Cameron L. Cowan, Partner Orrick, Herrington, and Sutcliffe, LLP, on behalf of the American Securitization Forum Before the Subcommittee on Housing and Community Opportunity Subcommittee on Financial Institutions and Consumer Credit United States House of Representatives Hearing on Protecting Homeowners: Preventing Abusive Lending While Preserving Access to Credit, November 5, 2003, at page 6 (Id. ¶ 28); and
>
> (3) [Plaintiffs'] experience with the loan process (Id. ¶ 30).

The Court finds that these allegations do not cure the deficiencies identified by the court in its August 23 Order. These informational references to routine practice, congressional testimony, and Plaintiffs' experience do not evidence an intent by the PSA's contracting parties to confer a direct benefit on Plaintiffs.

Second, Plaintiffs' Proposed SAC includes a new allegation:

> Plaintiffs are further informed and believe

9

> and on that basis allege that consistent with
> the standard industry practice CWALT and BONY
> intended for Plaintiffs to benefit from the
> PSA in that Plaintiffs received a loan and
> mortgage they would not have otherwise
> obtained but for the securitization of their
> loan into a pool of similar mortgages and
> loans. In return, CWALT received a fee for
> serving as Depositor to the PSA, and BONY
> obtained the right to payment for services as
> trustee for the Trust.

Proposed SAC ¶ 31. The Court finds that this allegation is similarly insufficient to cure the deficiencies previously identified by the court. Plaintiffs conclusorily assert that CWALT and BONY intended Plaintiffs to benefit from the PSA by receiving a loan and mortgage that Plaintiffs would not have otherwise obtained. Plaintiffs do not point to any provision of the PSA that supports this allegation. Additionally, the Court finds that the timing of the PSA and circumstances of the loan and mortgage at issue do not support Plaintiffs' claim of an intended third-party beneficiary situation. Plaintiffs obtained their loan and mortgage more than three months before the PSA was executed from an entity that was not a party to the PSA.

In their Memorandum in Support of their Motion, Plaintiffs argue that the PSA "contemplates a direct benefit to the mortgages in the granting of release of the mortgages." Mem. at 6. Plaintiffs point to two provisions of the PSA in support of this statement. First, Plaintiffs reference the same provision of the PSA previously rejected by the court in its

August 23 Order. Id. (quoting section 3.01 of the PSA). As the court noted in its August 23 Order, Plaintiffs again fail to explain how that provision is evidence of any intent between the PSA members to benefit Plaintiffs. Second, Plaintiffs point to one additional provision of the PSA in their argument regarding their third-party beneficiary status. Mem. at 7-8 (quoting section 3.12 of the PSA). Plaintiffs highlight the part of this provision that provides that any expenses incurred by the servicer in satisfaction or reconveyance of a mortgage loan "shall be chargeable to the related Mortgagor." Id. As with the other provision, the Court finds that Plaintiffs do not explain how this provision evidences any intent between the PSA members to benefit Plaintiffs.

Lastly, Plaintiffs reference two unpublished state court cases from Alabama and Michigan in support of their argument that they are intended third-party beneficiaries to the PSA. Mem. at 8-9. The Court finds these two cases unpersuasive. First, the Alabama opinion is only a few paragraphs in length and contains no substantive analysis of the issue. See Ex. 1 to Mem. Second, the Michigan opinion does not discuss third-party beneficiary law. See Ex. 2 to Mem. The Court finds the decisions of other courts that have determined that mortgagors are not intended third-party beneficiaries of pooling and servicing agreements more persuasive. See, e.g., Velasco v.

Security Nat. Mort. Co., CV No. 10-00239 DAE KSC, 2011 WL 4899935, at *9 (D. Haw. Oct. 14, 2011) (dismissing breach of contract claim because the plaintiffs failed to allege sufficient facts to demonstrate that they were third-party beneficiaries of the pooling and service agreement and rejecting the plaintiff's conclusory allegation that the benefit they received was a loan that they otherwise would not have qualified for); In re Correia, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (affirming lower court's determination that the debtors lacked standing to raise violations of the pooling and servicing agreement) (citing In re Almeida, 417 B.R. 140, 149 n.4 (Bankr. D. Mass. 2009)); Livonia Prop. Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC, 717 F.Supp. 2d 724, 748 (E.D. Mich. 2010), aff'd 399 Fed. Appx. 97 (6th Cir. 2010) (holding that a plaintiff who was not a party to the pooling and servicing agreement at issue lacked standing to challenge the parties' compliance with the contract).

The Court finds that the allegations in the Proposed SAC do not cure the deficiencies identified by the court in the August 23 Order and that it would be futile to allow amendment.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiffs' Motion. Given the Court's denial of Plaintiff's Motion, the Court FINDS AND RECOMMENDS that the district court dismiss this action.

IT IS SO ORDERED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 25, 2011



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

COOPER, ET AL. V. BANK OF NEW YORK MELLON, ET AL., CIVIL NO. 11-00241 LEK-RLP; MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THIS ACTION